## KING *vs.* MORRISON.

The bankruptcy of the plaintiff, since the commencement of a suit cannot be pleaded in bar thereof. *Hynson vs. Burton*, ante, *affirmed.*

As between the bankrupt and his assignee the decree of bankruptcy passes all property and rights of property to the assignee.

And it matters not whether the suit is continued to be prosecuted in the name of the bankrupt or of the assignee, third persons have no right to complain.

Demurrer to replication, relates back to the plea.

THIS was an action of assumpsit, determined in the Hempstead circuit court, in May, 1844, before the Hon. ROBERT W. JOHNSON, special judge. Rufus H. King sued Joshua Morrison for goods sold and delivered; the declaration containing three counts—the indebitatus, quantum meruit and quantum valebant counts. At October term, 1841, Morrison pleaded non-assumpsit; at April term, 1842, there was a trial by jury and verdict for the plaintiff, $500 damages. Morrison obtained a new trial: at October term following, another trial by jury and verdict for $475 damages, and Morrison obtained a new trial upon payment of all costs. At May term, 1844, Morrison, by leave of the court, pleaded that since the commencement of the suit, the plaintiff had become a bankrupt, and had been so decreed in the district court of the United States for the Arkansas district, and that Elijah Ferguson had been appointed his assignee, and thereby had become "entitled to the said sum of money or cause of action in the declaration mentioned," with a prayer of judgment whether the plaintiff should further maintain his suit. To this plea the plaintiff demurred, because the plea tendered no material issue, and his demurrer was overruled. He then replied that, on the 18th of August, 1841, since the commencement of the suit, and more than two months before the filing of his petition to be declared a bankrupt, for a good and valuable consideration, he had sold and delivered his said claim to A. P. and J. F., of which the defendant had notice; that since that time the action had been prosecuted in the name of the plaintiff for the use of the said A. P. and J. F., and that the plaintiff was therein named as trustee for the purpose aforesaid and not otherwise, concluding with a verification and prayer of judgment. To this the defendant demurred, and final judgment against the plaintiff. The case came here by writ of error.

*Pike & Baldwin,* for plaintiff. This case falls entirely within the rule of *Hynson vs. Burton,* decided at January term, 1844, upon which we confidently rely.

King *vs.* Morrison.

*Trapnall & Cocke,* contra. The subsequent bankruptcy and assignment, if specially pleaded, defeats the action commenced before the plaintiff was a bankrupt. *Chitty Pl.* 24. 15 *East* 622. 4 *Barn. & Cress.* 920, but cannot be given in evidence under the general issue. 4 *Barn. & Ad.* 345. 4 *Barn. & Cress.* 390, nor would it abate or affect a judgment rendered in the name of a bankrupt, *Tidd* 1115, '16. The rule is different if the bankruptcy be under a foreign law. *Bird and others vs. Caritat,* 2 *Johns.* 342, or a certificate under the insolvent law of another State. *Raymond vs. Johnson,* 11 *Johns.* 488. By the bankruptcy and assignment all the effects, choses in action and causes of action of the bankrupt pass to the assignees. 1 *Chitty* 25. The transfer set up in the replication is by parol, and of an indebitatus assumpsit for an uncertain and unliquidated amount; and could only be settled and determined by the verdict of a jury upon evidence produced on the trial of the cause. An account cannot be assigned by parol or otherwise, except under the act of bankruptcy, and by that the legal interest passes to the assignee, in whose name the suit ought to be prosecuted. 1 *East* 497. 8 *T. R.* 322. 1 *Saund.* 153, *n.* 1. 7 *Mod.* 116. 2 *T. R.* 696. 2 *Bing.* 20.

*By the Court,* SEBASTIAN, J. The only question to determine is, whether the replication to the defendant's plea of the bankruptcy of plaintiff pending the suit is sufficient. This point was expressly decided at the last term of this court in *Hynson vs. Burton,* and the replication held to be good. The demurrer to the replication, however, relates back to the plea, and raises the question as to its validity. According to the case just cited, the plea was no defence to the action. Such actions do not abate by the bankruptcy of the plaintiff during the pending of the suit, "but may be prosecuted and defended by such assignee to its final conclusion." As between the bankrupt and his assignee, the decree in bankruptcy passes all his property and rights of property. The defendant, however, is not interested in this matter, and whether the assignee prosecutes the suit in his own name after the bankruptcy, or uses the name of the bankrupt, the defendant cannot be heard to complain.

The judgment of the circuit court must be reversed, the cause re-

manded with instructions to the said court to overrule said demurrer to plaintiff's replication for insufficiency of the plea of defendant, and proceed, &c.